ISAAC JACKSON *vs.* WILLIAM P. CASTLE.

Waldo. Opinion June 3, 1890.

*Pleading. Declaration. Negligence. City ordinance.*

</div>

The averment, in a declaration, that defendant's sliding with boisterous demeanor in a street, contrary to the city ordinance and to the damage and common nuisance of the public, whereby the plaintiff's horses became frightened, ran away and were injured, sets out no cause of action.

The calling of an act a nuisance does not make it so, when the nature of the act does not show it; nor does the averment of an act contrary to a city ordinance necessarily charge negligence ; it may be evidence of negligence, but not proof of it.

ON EXCEPTIONS.

The presiding justice sustained a demurrer to the following declaration as being insufficient in law, and the defendant excepted.

(Declaration.)

For that the plaintiff, to wit, on the fifteenth day of December, A. D. 1884, at said Belfast, while in the exercise of his vocation as a soap-dealer, was then and there lawfully in and upon a certain public way or street in said city, called Miller street, with his two horses and cart, and the said defendant and others, to the number of seven or more, were then and there sliding and coasting upon two or more sleds connected together, upon and down the sidewalk on and in said street, contrary to an ordinance of said city in that case' made and provided; and then and there cried out and halloed in a noisy, boisterous and improper manner, contrary to an ordinance of said city in that case made and provided: said sliding and coasting, and said crying out and halloing all being to the great disturbance, damage and common nuisance of all the citizens of the state there being; and that solely by reason of said unlawful sliding and coasting, and said unlawful crying out and halloing, the horses of him the said plaintiff, became frightened, escaped from his control, and ran furiously down said street and struck against a tree with such force that his cart and harness were much injured, his load scattered and destroyed, and one of his said horses killed, to the damage of said plaintiff, etc.

*J. Williamson*, for plaintiff.

Where there is sufficient matter substantially alleged to entitle the plaintiff to his action, the declaration will be good. *Dole* v. *Weeks*, 4 Mass. 451. Declaration as broad as the indictment in *Com.* v. *Oaks*, 113 Mass. 8.

Persons using public highways must use them with care, and have due regard to the rights of others. Those using them for travel and passage, have the first right. Ways must not be obstructed except under exceptional circumstances. *Burford* v. *Grand Rapids*, 53 Mich. 98.

If plaintiff had been walking on the sidewalk, and sustained injury by being knocked by defendant's sled, etc., the act would not be excusable for the reason defendant had equal rights with a foot-passenger. Same rule applies to all illegal use of the side-

walk. The unlawful crying out and halloing, a public nuisance, sufficient without alleging the sliding.

Private persons may recover for a nuisance.    2 Bl. Com. 220.

*W. H. Fogler*, for defendant.

The averment "contrary to an ordinance of the city" cannot strengthen the declaration.    It is no stronger allegation than "contrary to law."

The averment "to the common nuisance," etc., does not help the declaration because the facts do not support the averment.

HASKELL, J.   A declaration in this case, substantially like the present one, has been adjudged bad on demurrer.  *Jackson* v. *Castle*, 80 Maine, 119.   It was there said: "Sliding in a street accompanied with boisterous conduct is not necessarily unlawful. Nor is it necessarily a public nuisance."   The additional averment that it was done contrary to the city ordinance and to the common nuisance of citizens there being does not cure the defect in the former declaration.

The obstruction of or use of a street, so as to unreasonably impede travel and render its use inconvenient or dangerous to the traveller, may become a common nuisance, and a person suffering special injury, without fault on his part, might recover damages.  *Holmes* v. *Corthell*, 80 Maine, 31.   The plaintiff here makes no such complaint.   In short, he says the defendant's sliding with boisterous demeanor, contrary to the city ordinance, frightened his horses.   He does not say whether the ordinance prohibits sliding altogether in the street, or only in a particular manner.   "One doing a lawful act in a manner forbidden by law is not absolutely liable for an injury caused to a third party by the act; nor is the violation of law in doing it conclusive evidence of negligence."  *Burbank* v. *Steam Mill Co.*, 75 Maine, 382;  *Gilmore* v. *Ross*, 72 Maine, 194.   The plaintiff does not aver that defendant's negligence frightened his horses, nor that he was in the exercise of proper care himself.

*Exceptions overruled.*

PETERS, C. J., WALTON, VIRGIN, LIBBEY and FOSTER, JJ., concurred.